JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-02188 SB (DFMx) | Date: | 9/15/2021 |
|---|---|---|---|

| Title: | *Lamar Myers v. Imperial Plaza, LLC* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER ON APPLICATION FOR DEFAULT JUDGMENT [Dkt. No. 16]

Before the Court is Plaintiff Lamar Myers's Application for Default Judgment against Defendant Imperial Plaza, LLC.  Dkt. No. 16-1 (Application).  Defendant did not file an opposition or otherwise appear.

Plaintiff suffers from complete paraplegia due to a spinal cord injury and requires the use of a wheelchair at all times when traveling in public.  Dkt. No. 1 (Compl.) ¶ 4.  In or about January of 2021, Plaintiff went to a pizza carry-out store located at or about 12555 Lakewood Blvd., Downey, California ("Business"), owned and operated by Defendant.  *Id.* ¶ 5, 9.  When he arrived, Plaintiff found that the Business did not have a parking space, access aisle, or ramp that complied with federal and state standards for persons with disabilities.  *Id.* ¶ 10.  The Business failed to provide a parking identification sign stating "Van Accessible" or "Minimum Fine $250," a van-accessible parking space, access aisles level with the parking spaces, a compliant ramp for the access aisle, and proper painting to identify the parking spot.  *Id.* ¶¶ 21–23, 25, 27.  Plaintiff then filed this suit on

March 10, 2021.  For the reasons discussed below, the Motion is **GRANTED** in part.

## LEGAL STANDARD

Before a court may rule on an application for default judgment, it must first determine whether the application complies with Federal Rule of Civil Procedure 55 and Local Rule 55-1.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  The application must set forth:  (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Civil Relief Act (50 U.S.C. § 3931) does not apply; and (5) that notice of the application has been served on the defaulting party (if required).  *Id.*

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion."  *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010).  The Ninth Circuit has identified seven factors courts may consider when exercising this discretion:  "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Factual allegations—other than those relating to the damages amount—are considered admitted upon default.  Fed. R. Civ. P. 8(b)(6); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  A court, however, must still consider whether the complaint contains the required factual support and asserts legally sufficient claims.

## ANALYSIS

### A. Procedural Requirements

Plaintiff's Application satisfies the procedural requirements for default judgment.  Defendant was served with the Complaint and Summons.  Dkt. No. 10.  Because Defendant did not appear or answer the Complaint, the Clerk entered default against Defendant.  Dkt. No. 14.  Plaintiff's moving papers contain the

information required by both the Local Rules and the Federal Rules of Civil Procedure; Defendant is not an incompetent person or minor and is not exempted under the Servicemembers Civil Relief Act; and notice of the Application was served on Defendant. Dkt. No. 16-2 (Kim Decl.).

### B. Application of *Eitel* Factors

The *Eitel* factors also weigh in favor of granting a default judgment. First, Plaintiff would be prejudiced if default judgment is not entered because he will be without recourse and suffer prejudice. Additionally, in satisfaction of factors 4–7: (4) the sum of money sought by Plaintiff is less than $10,000 and is composed only of the statutory minimum amount of damages under the Unruh Act and attorneys' fees and costs; (5) Defendant has made no attempt to defend this case and the undisputed allegations are accepted as true; (6) there is no basis to believe that Defendant's default results from excusable neglect; and (7) Defendant's failure to appear or respond makes deciding the case on the merits impractical.

The second and third *Eitel* factors merit further analysis. Plaintiff asserts five causes of action: (1) violation of Title III of the Americans with Disabilities Act (ADA); (2) violation of the Unruh Civil Rights Act (Unruh Act); (3) violation of California's Disabled Persons Act (DPA); (4) violation of the Unfair Competition Act (UCL); and (5) negligence. With respect to the ADA claim, the Business's lack of "Minimum Fine $250" signage does not, as Plaintiff contends, violate the ADA, but the allegations in Plaintiff's Complaint relating to the slope and accessibility of the access aisle and the lack of a van-accessible space are sufficient on this unchallenged record to show Defendant violated the ADA. *See Gayle v. Borg*, 2020 WL 2334113, at *7–8 (C.D. Cal. Jan. 27, 2020) (holding that the plaintiff's arguments failed to the extent that they asserted a gas station's lack of minimum fine signage violated the ADA). Additionally, Plaintiff's satisfactory pleading of a violation of the ADA is sufficient to state a claim under the Unruh Act, *see* Cal. Civ. Code § 51(f), and the DPA, *see* Cal. Civ. Code § 54.1(d).

But Plaintiff lacks standing to bring a claim under the UCL due to his failure to allege that he lost either money or property in a transaction as a result of Defendant's failure to comply with the ADA, Unruh Act, or DPA. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (requiring "lost money or property as a result of the unfair competition" to have standing under the UCL). And Plaintiff fails to allege any independent breach of a duty of care by Defendant other than violation of the ADA, Unruh Act, and DPA, which is insufficient to state a claim for negligence. *See Strojnik v. Bakersfield Convention Hotel I, LLC*,

436 F. Supp. 3d 1332, 1344 (E.D. Cal. 2020) ("[I]t is the tort of negligence, and not the violation of [a statute], which entitles a plaintiff to recover civil damages." (first alteration in original) (internal quotation marks omitted) (quoting *Millard v. Biosources, Inc.*, 68 Cal. Rptr. 3d 177, 188 (Ct. App. 2007))).

Because Plaintiff has stated meritorious claims for violations of the ADA, the Unruh Act, and the DPA, the second and third *Eitel* factors, overall, favor default judgment on these claims.

In sum, the *Eitel* factors weigh in favor of granting default judgment.

### C. Relief Sought

#### 1. Injunctive Relief

Plaintiff seeks preliminary and permanent injunctive relief directing Defendant to comply with the ADA and the Unruh Act. Compl., Prayer. A court may grant injunctive relief for violations of the Unruh Act. Cal. Civ. Code § 52.1(c). To be entitled to injunctive relief under the ADA, Plaintiff must demonstrate that Defendant violated the ADA's architectural barriers provision and that removal of the alleged barriers is readily achievable. 42 U.S.C. § 12188(a)(2) ("In the case of violations of section[] 12182(b)(2)(A)(iv) . . . of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ."); *see also Moreno v. La Curacao*, 463 Fed. App'x 669, 670 (9th Cir. 2011). Plaintiff need not satisfy the other prerequisites generally needed for injunctive relief since "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *Moeller v. Taco Bell*, 816 F. Supp. 2d 831, 859 (N.D. Cal. 2011) (alteration in original) (internal quotation marks omitted) (quoting *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175–76 (9th Cir. 2010)).

As discussed above, Plaintiff has stated a viable ADA claim. While he does not specifically allege in his Complaint that removal of the Business's architectural barriers is "readily achievable," he alleges that Defendant may remove them "without much difficulty or expense[]" and that Defendant is required to remove the barriers. Compl. ¶ 14. Accordingly, Plaintiff is entitled to the injunctive relief he seeks to the extent removal of the barriers is readily achievable. *See Lopez v. Serrano*, 2014 U.S. Dist. LEXIS 119250, at *9 (C.D. Cal. Aug. 26, 2014)

("[W]here 'plaintiff does not specifically allege that removal of . . . barriers is readily achievable,' but 'alleges that . . . Defendants are required to remove architectural barriers to their existing facilities . . .' default judgment [is] warranted." (quoting *Sceper v. Trucks Plus*, 2009 WL 3763823, at *1 (E.D. Cal. Nov. 3, 2009))).

### 2. Damages

Plaintiff seeks an award of $4,000 under the Unruh Act. A violation of the Unruh Act provides for the recovery of "in no case less than four thousand dollars." Cal. Civ. Code § 52(a). Thus, his request for the statutory minimum damages for a violation of the Unruh Act is reasonable, and the Court awards $4,000 in damages.

### 3. Attorneys' Fees

Plaintiff seeks $4,440 in attorneys' fees and costs. Kim Decl. ¶ 6. Under Title III of the ADA, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees. *See* 42 U.S.C. § 12205.

The Ninth Circuit recently described the procedure that courts in the Central District of California must follow when determining an attorney's fee award for statutory damages when a party defaults:

> If a party seeks a fee "in excess of" the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a "reasonable" fee. That process does not describe a "modification" of the schedule of fees. Rather, it prescribes an alternative process when a party invokes it in the proper way at the proper time. When a party invokes that process, the court is obliged to calculate a "reasonable" fee in the usual manner, without using the fee schedule as a starting point.

*Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). In *Vogel*, the court held that "the district court misinterpreted Local Rule 55-3 and abused its discretion . . . [b]y treating the fee schedule as presumptively reasonable, rather than using the lodestar approach to calculate a presumptively reasonable fee" and awarding $600 in attorneys' fees, which was a fraction of the requested amount for the achievement of "excellent results." *Id.* at 1161. The Ninth Circuit emphasized that "[i]n a case in which a defendant fails to appear or otherwise defend itself . . .

the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court." *Id.* at 1160.

But *Vogel* cautions that courts must "strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases and avoiding a windfall to counsel . . . [and] [t]he way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Id.* at 1158 (internal quotation marks omitted) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). To avoid a windfall in this case, the Court applies the lodestar approach "by determining how many hours were reasonably expended on the litigation, and then multiply[ing] those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno*, 534 F.3d at 1111. While the Court is required to explain its rationale, if the difference between the requested fees and the court's award is relatively small, "a somewhat cursory explanation will suffice." *Id.*

Here, counsel for Plaintiff, Jason Kim, states that he expended eight hours of work on Plaintiff's case at a rate of $500 per hour. Kim Decl. ¶ 6. Mr. Kim has been in practice for over twenty years. *Id.* ¶ 2. On this unopposed record, the Court will credit the $500 hourly rate for Mr. Kim's services as reasonable. *See Kwon v. Sung-Eun Corp.*, 2021 U.S. Dist. LEXIS 26611, at *10 (C.D. Cal. Feb. 9, 2021).

The Court does not find, however, that Mr. Kim's expenditure of eight hours of time on Plaintiff's case is reasonable. Mr. Kim identifies six tasks he completed to litigate Plaintiff's case but does not identify how much time was spent on each individual task—rendering it impossible for the Court to determine if the hours expended were excessive. Kim Decl. ¶ 6. This is not the first time counsel has failed to provide adequately detailed billing information when seeking default judgment in an ADA case in this district—or even before this Court. In *Kwon*, the Honorable Cormac J. Carney observed that Mr. Kim had not provided a sufficiently detailed billing statement. Judge Carney further found that it was unreasonable for Mr. Kim to spend eight hours on a boilerplate ADA complaint and motion for default judgment; he reduced Mr. Kim's requested fees by 50 percent. *Kwon*, 2021 LEXIS 26611, at *11. In *Lee v. Winebright Warner LLC*, 2021 U.S. Dist. LEXIS 72338, at *11 (C.D. Cal. Apr. 13, 2021), the court reached a similar conclusion. Judge Carney—who had previously warned Mr. Kim against submitting such declarations in *Kwon*—imposed a 75% reduction in Mr. Kim's requested fees. *Id.* at *11. And this Court recently warned Mr. Kim against continuing this practice in an order in *Lee v. Garbanda*, No. 2:21-cv-01449-SB-

AFM, Dkt. No. 20 (July 2, 2021) and *Weilch v. Brite Spot, LLC*, No. 2:21-cv-01938-SB-AS, Dkt. No. 18 (Aug. 2, 2021).  In *Weilch*, the Court cautioned Mr. Kim that the Court "may issue an order to show cause" if counsel continued to submit similar filings.  *Weilch*, Dkt. No. 18, at 10.

Counsel has been cautioned repeatedly against making such vague and conclusory statements in support of his requests for fees in nearly identical cases.  Yet Mr. Kim continues to submit deficient declarations, apparently disregarding prior court orders.  The Court therefore elects to reduce the requested fees to $1,500 based on its assessment of a reasonable amount of time necessary to do the boilerplate work done in this case.

The Court finds Plaintiff's request for $440 in costs reasonable.

In sum, the Court calculates the lodestar as Plaintiff's requested fees but reduces it by 62.5% ($1,500).  The Court awards attorneys' fees in the amount of $1,500 plus $440 in costs for a total of $1,940 in attorneys' fees and costs.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Application in part.  Judgment shall be entered as follows:

- Defendant is **ORDERED** to provide appropriate parking signage, access aisles level with its parking spaces, a ramp for the access aisle, and a van-accessible parking space in compliance with the ADA and ADA guidelines to the extent that the removal of these barriers is readily achievable under the ADA standards;

- Plaintiff is **AWARDED** $4,000 in statutory damages;

- Plaintiff is **AWARDED** $1,940 in attorneys' fees and costs; and

- Plaintiff is **ORDERED** to mail a copy of this order and the judgment concurrently filed therewith to Defendant.  Plaintiff shall file Proof of Service by **October 1, 2021**.

**IT IS SO ORDERED.**